**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| CSC Leasing Co.,            ) | |
|            ) | |
|    *Plaintiff,*    ) | |
|            ) | |
| *v.*            ) | Civil Action No. 3:24-CV-00556-DJN |
|            ) | |
| Immunicom, Inc.,            ) | |
|            ) | |
|    *Defendant.*    ) | |
|            ) | |

**VERIFIED SUPPLEMENT TO MOTION FOR DEFAULT JUDGMENT
AND RESPONSE TO COURT ORDER**

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiff CSC Leasing Co. ("Plaintiff"), through counsel, files this *Verified Supplement To Motion For Default Judgment And Response To Court Order*,[1] providing further information and documentation to support its Motion For Default Judgment, filed on September 24, 2024, in response to the Court *Order (Directing Plaintiff To Respond)*, entered on November 18, 2024 (the "Order For Clarification"). (ECF No. 9.)  In support, Plaintiff states as follows:

1. As of the date of filing the above-captioned civil action, August 2, 2024, Plaintiff CSC requested monetary damages not less than $1,146,152.81, based on (a) $718,664.20, for past

---

[1] Unless stated otherwise, capitalized terms not defined herein shall have the meaning ascribed to them in the Complaint, and accompanying Exhibits, as appropriate.  (ECF No. 1.)

Joshua F.P. Long, Esq. (VSB No. 30285)
James K. Donaldson, Esq. (VSB No. 80307)
Woods Rogers Vandeventer Black PLC
Riverfront Plaza – West Tower
901 East Byrd Street, Suite 1600
Richmond, VA 23219
(804) 343-5020 (telephone)
(804) 325-4391 (facsimile)
josh.long@woodsrogers.com
jed.donaldson@woodsrogers.com

*Counsel to Plaintiff CSC Leasing Co.*

due basic rent and other monthly amounts; (b) $305,192.81, for prospective unbilled rent and other monthly amounts; (c) $68,046.49, for past due accumulating rent; (d) $51,741.81 in late fees; and (e) $2,507.50 for legal fees.  (Compl. ¶ 68.)  Further, Plaintiff requested prejudgment interest from June 3, 2024, and post-judgment interest as applicable.  (Compl. ¶ 85.)

2.    Consistent with the Order For Clarification, and the amounts provided below, Plaintiff supplements its *Motion For Default Judgment*, and seeks monetary damages of $1,140,439.56, which is comprised of (a) $718,664.20, for past due basic rent and other monthly amounts; (b) $305,192.81, for prospective unbilled rent and other monthly amounts; (c) $68,046.49, for past due accumulating rent; (d) $43,626.06 in late fees; and (e) $4,910.00, for legal fees and costs as of September 24, 2024, when the *Motion for Default Judgment* was filed with the Court.  In addition to the sum of $1,140,439.56, Plaintiff requests pre- and post-judgment interest. Plaintiff also renews its request for injunctive relief concerning the return of, or access to repossess, the Leased Equipment.

3.    The Order For Clarification identifies four categories of information and details, for which the Court has requested additional briefing and/or affidavits, identified as follows:

| *Basic Rent Discrepancy* | (1) any discrepancies between the basic monthly rent amounts for Schedules A, B, C, D and F listed in the Complaint (ECF No. 1 ¶¶ 24, 30, 36, 40 and 44) and the corresponding rent amounts listed within the attached copies of Schedules A, B, C, D and F (ECF Nos. 1-2 through 1-6); |
|---|---|
| *Schedule Itemization* | (2) the calculation of the total amounts due under each of Schedules A, B, C, D and F (ECF No. 1 ¶¶ 28, 34, 38, 42 and 46), articulating how much Defendant owes under each category of damages listed; |
| *Accumulating Schedule* | (3) the calculation of the amount due under the Accumulating Schedules (ECF No.1 ¶ 57), articulating how much Defendant owes under each category of damages listed; and, |
| *Late Fees* | (4) the calculation of late fees (ECF No. 1 ¶ 68). |

(ECF No. 9, at 1-2).  With respect to each category identified by the Court, Plaintiff provides the

2

following information, explanation, and the supporting affidavit, at **Exhibit 1**, attached hereto.

*Basic Rent Discrepancy*

4.      Each of the Lease Schedules, A, B, C, D, and F, attached as Exhibits to the Complaint, state the Basic Rent due and owing to Plaintiff on a monthly basis *exclusive* of certain fees and tax, and, as provided for in the Master Lease, Plaintiff invoices, and Immunicom owes, Basic Rent *plus* "an amount equal to all taxes that are levied or based on this transaction, the Basic Rental, this Master Lease, any and all Schedules, and/or the Equipment, or its use, lease, sale, operation, control or value, including, without limitation, state and local sales, use, excise, purchase, property, assed value or other taxes or amounts in lieu thereof paid or payable by Lessor in respect of the foregoing (collectively, 'Taxes'), but excluding only federal or state income taxes of Lessor."  (Compl., Ex. 1, at 1, § 4(b); ECF No. 1-1, at 2.)

5.      In addition to monthly Basic Rent for each Lease Schedule, Plaintiff invoices additional amounts, based on the following components: (a) San Diego, California local and state taxes; and (b) the Henrico County, Virginia gross receipts tax at a rate of 0.2%.  Also, certain leased equipment, maintained and used in San Diego, California, is partially exempt from California taxes, as indicated on the certificate of partial exemption completed by Immunicom, at **Exhibit 2**, attached hereto.  Due, in part, to the partial tax exemption on certain equipment, the ultimate tax rate assessed in connection with California state and local taxes varies slightly across the Lease Schedules.

6.      The monthly amounts that are invoiced include these monthly taxes, in addition to the amount of Basic Rent stated in each Lease Schedule.  The following table details the Basic Rent, taxes, and the aggregate monthly amount invoiced for each Lease Schedule.

3

| Lease Schedule | A | B | C | D | F |
|---|---|---|---|---|---|
| Basic Rent[2] | $4,649.52 | $3,560.58 | $3,742.18 | $12,191.87 | $8,810.51 |
| Tax Amount | $184.89 | $114.39 | $148.82 | $489.22 | $353.54 |
| **Monthly Total** | **$4,834.41** | **$3,674.97** | **$3,891.00** | **$12,681.09** | **$9,164.05[3]** |

7.      The corresponding figures for damages derived from monthly rent that are asserted in the Complaint, and the amounts in the the *Motion For Default Judgment*, are based on the monthly amounts *inclusive* of taxes reflected in the foregoing table.

*Schedule Itemization*

8.      In the Complaint as of August 2, 2024, in connection with Schedule A, Plaintiff seeks a total amount due of $106,357.02.  (Compl. ¶ 28.)  That amount is comprised of total monthly rent, at $4,834.41 per month, for which Immunicom owes 22 months in total.  Plaintiff's Schedule A demand does ***not*** include prospective rent because the original term of Schedule A has concluded, and, pursuant to the Master Lease, Schedule A is invoiced on a month-to-month basis.

9.      In the Complaint as of August 2, 2024, in connection with Schedule B, Plaintiff seeks a total amount due of $84,524.31.  (Compl. ¶ 34.)  That amount is comprised of total monthly rent, at $3,674.97 per month, for which Immunicom owes 23 months in total.  Plaintiff's Schedule B demand does ***not*** include prospective rent because the original term of Schedule B had concluded, and, pursuant to the Master Lease, Schedule B was invoiced on a month-to-month basis.

10.      In the Complaint as of August 2, 2024, in connection with Schedule C, Plaintiff

---

[2] Without taxes, as stated in Lease Schedule, which amounts are stated in the Lease Schedules, that are Exhibits to the Complaint.

[3] Paragraph 44 of the Complaint inadvertently states that the amount of monthly rent due and owing is "$8,810.51 per month, ***including*** certain taxes."  Inadvertently, that amount did not include the monthly fees and taxes—which is $9,164.05—but all aggregate figures and damages in the Complaint and the Motion For Default Judgment are based on the Schedule F monthly amount of $9,164.05.

seeks a total amount due of $97,275.00.  (Compl. ¶ 38.)  That amount is comprised of (a) total monthly rent, at $3,891.00 per month, for which Immunicom owes 23 months in total, which is $89,493.00; and (b) two (2) months of unbilled, prospective rent for the then-remaining term at $3,891.00 per month, including taxes and fees, totaling $7,782.00.

11.    In the Complaint as of August 2, 2024, in connection with Schedule D, Plaintiff seeks a total amount due of $405,794.88.  (Compl. ¶ 42.)  That amount is comprised of (a) total monthly rent, at $12,681.09 per month, for which Immunicom owes 23 months in total, which is $291,665.07; and (b) nine (9) months of unbilled, prospective rent for the then-remaining term at $12,681.09 per month, including taxes and fees, totaling $114,129.81.

12.    In the Complaint as of August 2, 2024, in connection with Schedule F, Plaintiff seeks a total amount due of $329,905.80.  (Compl. ¶ 46.)  That amount is comprised of (a) total monthly rent, at $9,164.05 per month, for which Immunicom owes 16 months in total, which is $146,624.80; and (b) twenty (20) months of unbilled, prospective rent for the then-remaining term at $9,164.05 per month, including taxes and fees, totaling $183,281.00.

13.    Across Lease Schedules A, B, C, D, and F, as of the date of filing the Complaint, Immunicom owed to Plaintiff (a) past due rent totaling $718,664.20; and (b) prospective rent totaling $305,192.81.

14.    With respect to the Accumulating Schedules, the amounts stated in paragraphs 8 through 13, above, *exclude* amounts incurred during the interim, Accumulating Periods for Accumulating Rent, and those amounts are detailed below.

*Accumulating Schedules*

15.    As stated in the Complaint, the total amount due to Plaintiff in connection with the Accumulating Schedules is $68,046.49.  (Compl. ¶ 57.)

5

16.    Between January 2022 and May 2023, Plaintiff issued to Immunicom 18 invoices for accumulating rent.  The amount of each invoice varies by month because, over that period of time, Plaintiff acquired (accumulated) more equipment for lease to Immunicom.  For the first eight (8) invoices, Plaintiff received payment in full for accumulating rent.  Plaintiff received a partial payment for the ninth invoice (issued in September 2022), and Plaintiff has not received payment for the accumulating rent, monthly invoices issued between October 2022 and May 2023, as shown in the following table:

| Invoice No. | Invoice Date | Rent Amount | Tax Amount | Invoice Amount | Payment | Balance |
|---|---|---|---|---|---|---|
| 177527 | 09.30.22 | $6,403.14 | $256.95 | $6,660.09 | ($5,165.59) | $1,494.50 |
| 177787 | 10.31.22 | $7,550.39 | $302.98 | $7,853.37 | $0.00 | $7,853.37 |
| 178050 | 11.30.22 | $7,794.34 | $312.77 | $8,107.11 | $0.00 | $8,107.11 |
| 178295 | 12.31.22 | $7,832.66 | $314.30 | $8,146.96 | $0.00 | $8,146.96 |
| 178534 | 01.31.23 | $7,832.66 | $314.30 | $8,146.96 | $0.00 | $8,146.96 |
| 178754 | 02.28.23 | $4,373.47 | $175.49 | $4,548.96 | $0.00 | $4,548.96 |
| 178755 | 02.28.23 | $3,459.19 | $138.81 | $3,598.00 | $0.00 | $3,598.00 |
| 178952 | 03.31.23 | $7,832.63 | $314.30 | $8,146.93 | $0.00 | $8,146.93 |
| 179248 | 04.30.23 | $8,576.97 | $344.17 | $8,921.14 | $0.00 | $8,921.14 |
| 179509 | 05.31.23 | $8,732.16 | $350.40 | $9,082.56 | $0.00 | $9,082.56 |

**TOTAL    $68,046.49**

17.    The total of $68,046.49 is comprised of (a) $65,222.02 of unpaid, monthly accumulating rent—including a partial payment to the accumulating rent invoiced on September 30, 2022; and (b) $2,824.47 in taxes due in connection with the unpaid, monthly accumulating rent.

***Late Fees***

18.    In the Complaint, Plaintiff asserted late fees due in the amount of $51,741.81. (Compl. ¶ 58.)  Pursuant to § 4(a) of the Master Lease, Plaintiff is entitled to a late payment of "*five percent (5%) of the past due balance from the date due thereof . . .*"  (Compl., Ex. 1, at 1, § 4(a).)  In the Complaint, the aggregate amount of late fees—$51,741.81—was calculated using a

6

method by which the outstanding balance increased and was capitalized each month, as Immunicom failed to pay rent over time.

19.    In the *Motion For Default Judgment*, Plaintiff modified and adjusted its method of calculating late fees, which amount was **reduced** to $43,626.06, from $51,741.81.  (ECF No. 8, at 2.)

20.    The following table provides the monthly late fees, based on the unpaid balance of each relevant invoice, that total $43,626.06:

| Invoice Period | Invoice Balance | Late Fee (5.0%) | Late Fee Amount |
|---|---|---|---|
| Sept. 2022 | $ 1,494.50 | 5% | $ 74.73 |
| Oct. 2022 | $ 28,816.81 | 5% | $ 1,440.84 |
| Nov. 2022 | $ 33,303.37 | 5% | $ 1,665.17 |
| Dec. 2022 | $ 33,228.43 | 5% | $ 1,661.42 |
| Jan. 2023 | $ 33,228.43 | 5% | $ 1,661.42 |
| Feb. 2023 | $ 34,131.30 | 5% | $ 1,706.57 |
| March 2023 | $ 33,228.40 | 5% | $ 1,661.42 |
| April 2023 | $ 34,002.61 | 5% | $ 1,700.13 |
| May 2023 | $ 35,059.09 | 5% | $ 1,752.95 |
| June 2023 | $ 72,954.57 | 5% | $ 3,647.73 |
| July 2023 | $ 34,245.52 | 5% | $ 1,712.28 |
| Aug. 2023 | $ 34,245.52 | 5% | $ 1,712.28 |
| Sept. 2023 | $ 34,245.52 | 5% | $ 1,712.28 |
| Oct. 2023 | $ 34,245.52 | 5% | $ 1,712.28 |
| Nov. 2023 | $ 34,245.52 | 5% | $ 1,712.28 |
| Dec. 2023 | $ 42,734.71 | 5% | $ 2,136.74 |
| Jan. 2024 | $ 34,245.52 | 5% | $ 1,712.28 |
| Feb. 2024 | $ 34,245.52 | 5% | $ 1,712.28 |
| March 2024 | $ 34,245.52 | 5% | $ 1,712.28 |
| April 2024 | $ 34,245.52 | 5% | $ 1,712.28 |
| May 2024 | $ 34,245.52 | 5% | $ 1,712.28 |
| June 2024 | $ 79,392.66 | 5% | $ 3,969.63 |
| July 2024 | $ 34,245.52 | 5% | $ 1,712.28 |
| Aug. 2024 | $ 34,245.52 | 5% | $ 1,712.28 |

**TOTAL $    43,626.06**

21.    Plaintiff seeks this modified, reduced amount of late fees to be included in any

Order entering default judgment, as itemized below, and consistent with CSC's prior *Motion For Default Judgment*.

**WHEREFORE**, Plaintiff CSC Leasing Co. respectfully supplements its request for entry of Default Judgment pursuant to Rule 55(b)(2) and an Order awarding to Plaintiff the following relief and judgment:

a. Monetary damages of $1,091,903.50, for unpaid monthly rent, fees, and taxes, based on (i) $718,664.20 for past due rent as of August 1, 2024, (ii) $305,192.81 for prospective, accelerated rent as of August 1, 2024, and (iii) unpaid accumulating rent of $68,046.49;

b. Late fees of $43,626.06;

c. Plaintiff's costs, expenses, and fees in pursuing this action, including reasonable attorneys' fees, which amount, as of September 24, 2024, is not less than $4,910.00

d. Pre-judgment interest from June 3, 2024, in the amount of $32,807.17,[4] and post-judgment interest pursuant to 28 U.S.C. § 1961(a) until the judgment is fully paid;

e. Directing Defendant to return to Plaintiff, or its duly authorized agent, the Leased Equipment (as defined in the Complaint) at the sole cost and expense of Defendant; alternatively, granting Plaintiff, without further judicial process, full authority to retake and repossess peacefully its Leased Equipment, including, without limitation, through peaceful entry into and onto any property and premises at which Defendant may be holding the Leased Equipment; and

f. Any further relief that the Court deems proper.

DATED: November 25, 2024                    CSC LEASING CO.

                                             */s/ James Donaldson*
                                             Joshua F.P. Long, Esq. (VSB No. 30285)
                                             James K. Donaldson, Esq. (VSB No. 80307)
                                             Woods Rogers Vandeventer Black PLC
                                             Riverfront Plaza – West Tower
                                             901 East Byrd Street, Suite 1600
                                             Richmond, VA 23219
                                             (804) 343-5020 (telephone)
                                             (804) 325-4391 (facsimile)
                                             josh.long@woodsrogers.com
                                             jed.donaldson@woodsrogers.com
                                             *Counsel for CSC Leasing Co.*

---

[4] As of November 25, 2024, prejudgment interest at a rate of 6.0%, on the amount of $1,140,439.56, equals $32,807.17, at a *per diem* amount of $187.47, with annual interest of $68,426.37.

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing was served on November 25, 2024, to the following via First Class U.S. Mail, postage prepaid:

Immunicom, Inc.
6048 Cornerstone Court W, Suite D
San Diego, California 92121

Immunicom, Inc.
c/o – Corporation Service Company (R/A)
251 Little Falls Drive
Wilmington, DE 19808

*/s/ James Donaldson*

9